[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I. FACTS
On December 5, 1991 the North Branford Planning and Zoning Commission adopted Affordable Housing Regulations. On November 18, 1993 the Commission amended certain subsections of those regulations which were inconsistent with later court decisions interpreting the requirements of the Affordable Housing Statute [§ 8-30g C.G.S. et seq.] The Commission also claimed to enhance certain incentives for developers while at the same time assuring orderly and planned development consistent with the requirements of § 8-2 C.G.S.
A public hearing on the proposed amendments was held on October 21, 1993 and November 4, 1993. The North Branford Affordable Housing Zoning Regulations are contained in § 42A.8.2 through § 42A.8.17. CT Page 7039
The original North Branford Zoning Regulations concerning affordable housing were appealed to the Superior Court for Hartford County in docket no. CV92-0505665S. In a Memorandum of Decision dated July 21, 1993, Berger, J., held that the adoption of the regulations could not be appealed under § 8-30g. The holding by Judge Berger concluded that the adoption of regulations was pursuant to § 8-2 and § 8-3 of the General Statutes and that appeals from the adoption was pursuant to § 8-8 of the General Statutes. Section 8-30g, which pertains specifically to affordable housing, deals with the denial of an application to build affordable housing under regulations which have already been adopted.
The court recognizes that in its desire to provide for affordable housing the legislature included the following language in § 8-2:
 "Such regulations shall also promote housing choice and economic diversity in housing, including housing for both low and moderate income housing, and shall encourage the development of housing which will meet the housing needs identified in the housing plan prepared pursuant to § 8-37p and in the housing component and the other components of the state plan of conservation and development prepared pursuant to § 16a-26."
In the appeal above referred to Judge Berger concluded his decision with the following language:
 "The motion to dismiss is therefore denied. This court retains jurisdiction over the instant action even though the action does not fall within the acts coverage. Review will proceed under the normal standard of review for appeals from decisions of local zoning agencies as set forth in General Statutes § 8-8
and § 8-9."
Subsequently, the first Frumento appeal was dismissed. As a result, this court presently has before it only those changes to the regulations which were made effective as a result of the November 18, 1993 action of the Commission.
DISCUSSION
CT Page 7040
The 1993 amendments standing by themselves made only three changes to the Affordable Housing Regulations of the Town of North Branford. First, they amended § 42A.8.2 so as to decrease the maximum acreage requirement to fifteen acres. However, it is clear in examining the minutes of the public hearing that while an individual project could be fifteen acres there is no prohibition on combining projects so that the total development could be a much larger area. Second, § 42A.8.7 requiring underground utilities was not changed but a provision was added allowing for a waiver by the Commission of this requirement; and, finally § 42A.8.17 imposing an obligation on the developer to provide a conceptual master plan for contiguous land not part of the application but owned by the applicant was added to the regulations.
The court finds that the plaintiff, Mr. Frumento, owns land in an R-40 zone which is affected by the zone change. Accordingly, the court finds that Mr. Frumento is aggrieved and has standing to bring this appeal.
However, the court finds that the appeal presents only the issues of maximum area, the waiver of underground utilities, and the conceptual master plan. The broader questions raised by the earlier adoption of Affordable Housing Regulations by the Town of North Branford are not before the court at this time.
The court recognizes that the legislature has mandated zoning for affordable housing by including the requirement in § 8-2. The court further recognizes that the legislature in adopting § 8-30g
has mandated an apparently workable scheme for testing a town's acceptance or rejection of a particular application.
It may be possible to test the adequacy of Affordable Housing Regulations by bringing in an appeal from the adoption of initial regulations designed to comply with § 8-2. In the instant case the plaintiff is trying to claim that the overall North Branford approach to affordable housing fails to comply with the spirit of § 8-2. It appears to the court that this challenge must either come at the time of the adoption of the original regulations or perhaps could be made byway of declaratory judgment action. It cannot be made by appealing minor amendments.
The court finds nothing illegal, arbitrary or in noncompliance with the affordable housing requirements of § 8-2 to be contained in the very limited amendments which are presently before the court. CT Page 7041 A conceptual master plan of other owned property appears to the court to be reasonable and sustained by the record. The ability to waive underground utility requirements would appear to enhance rather than detract from the possibility of building affordable housing. Finally while the reduction of the maximum size of a particular application might be anti-affordable housing in the presence of some rule that prohibited contiguous applications, the court does not find the reduction in the size to be contrary to the spirit of affordable housing when the minutes make it clear that multiple applications may be contiguous one to the other.
For the foregoing reasons the amendments are sustained and the appeal is dismissed.